UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRAZIER INDUSTRIAL COMPANY,<br>    *Plaintiff*, | )<br>)<br>) |
| *vs.* | )    1:17-cv-00407-JMS-DML<br>) |
| MIKE'S FIVE STAR TRUCK WASH, INC.,<br>    *Defendant.* | )<br>)<br>) |

**ORDER**

Plaintiff has filed an Amended Complaint in which it alleges that this Court has diversity jurisdiction over this matter, and Defendant has now filed an Answer. While Plaintiff's Amended Complaint properly pleads factual allegations supporting the existence of diversity jurisdiction, Defendant's Answer either denies some or all of those allegations, or states that Defendant does not have sufficient information to admit those allegations. This leaves the Court unable to determine whether the facts upon which diversity jurisdiction is based are disputed.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a joint jurisdictional statement by **May 5, 2017**, properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs. If agreement cannot be reached on the contents of a joint jurisdictional statement, competing statements must be filed by that date.

Date: April 25, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**