IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRAZIER INDUSTRIAL COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-00407-JMS-DML |
| MIKE'S FIVE STAR TRUCK WASH, INC. and DUBOIS CHEMICALS, INC., *as successor in interest to Lynx Enterprises, Inc.*, | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Frazier Industrial Company ("Frazier") manufactures and sells commercial steel racking systems. Defendant Mike's Five Star Truck Wash, Inc. ("Mike's") is a truck washing facility in Indiana. Defendant DuBois Chemicals, Inc. ("DuBois") manufactures a cleaning solution that is utilized by Mike's and subject to the Indiana Products Liability Act. This matter arises from a dispute among the parties regarding damage allegedly caused to some of Frazier's steel racking systems after they were washed at Mike's in a process utilizing DuBois's pre-soak solution. Frazier filed suit in this Court, alleging various causes of action against Mike's and DuBois. Following its initial complaint, Frazier filed two amended complaints, with the operative Second Amended Complaint filed in August 2017. [Filing No. 44.] DuBois has filed a Motion to Dismiss Counts Four and Five of Frazier's Second Amended Complaint, arguing that Frazier has failed to state a claim upon which relief can be granted. [Filing No. 72.] For the reasons below, the Court denies DuBois's Motion to Dismiss.

# I.
## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. Pro. 8(a)(2)). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

# II.
## BACKGROUND

The following are the factual allegations in the Second Amended Complaint, which the Court must accept as true at this time:

Frazier is a New Jersey corporation engaged in the manufacture and sale of steel racking systems. [Filing No. 44 at 1.] In February 2015, Frazier made multiple shipments of its steel

racking systems to a customer in Indiana. [Filing No. 44 at 1.] Before delivering the systems to the customer, several of the trucks transporting the steel racking systems were washed at Mike's, an Indiana truck washing facility, which uses a wash and/or pre-soak solution manufactured by DuBois.[1] [Filing No. 44 at 2.] At some point after the services at Mike's, Frazier discovered that some, if not all, of the steel racking systems that had been washed at Mike's were damaged. [Filing No. 44 at 2.] Frazier claims that the washing process, and/or the product manufactured by DuBois and used by Mike's, were the cause of the damages.

In the Second Amended Complaint, Frazier alleges that: (1) Mike's was negligent in its failure to exercise reasonable care to Frazier as a business invitee; (2) Mike's breached its duty to Frazier as a bailee; (3) Mike's negligently and carelessly failed to warn Frazier of the dangers of its products; (4) DuBois violated the Indiana Products Liability Act ("IPLA"); (5) DuBois breached a contract to which Frazier was a third-party beneficiary; and (6) DuBois breached an implied warranty of merchantability. [Filing No. 44 at 2-8.] Presently pending before the Court is Dubois's Motion to Dismiss, which seeks dismissal of Counts Four and Five – the former alleging strict liability pursuant to the IPLA, and the latter alleging negligence under the IPLA. [Filing No. 73 at 1.]

---

[1] Mike's initially identified Lynx Enterprises, Inc. ("Lynx") as the product manufacturer, and Lynx was added as a defendant in Frazier's Second Amended Complaint. [Filing No. 44.] Frazier, Mike's, and DuBois jointly filed a Stipulation to Amend Caption to correct the proper party defendant to DuBois, Successor in Interest to Lynx, and to stipulate that Dubois was the proper party in interest. [Filing No. 75.] The Court accepted the parties' Stipulation to Amend Caption and directed the Clerk to amend the case caption as set forth in the Stipulation. [Filing No. 84.] Accordingly, the Court refers to DuBois as the product manufacturer, rather than Lynx.

# III.
## DISCUSSION

DuBois moves to dismiss Counts Four and Five of the Second Amended Complaint – strict liability and negligence under the IPLA – raising the affirmative defense that these two causes of action are time-barred by the applicable statute of limitations. [[Filing No. 73 at 1-3](#).] DuBois argues that it can be deduced from Frazier's Second Amended Complaint that the events resulting in Frazier's damages must have occurred during February 2015, so any claims filed as of March 1, 2017 should be barred as untimely. [[Filing No. 73 at 2-3](#).] This argument is premised on Frazier's contention that the steel racking systems were serviced at Mike's prior to being shipped sometime in February. [[Filing No. 44 at 1-2](#); [Filing No. 73 at 2-3](#).] According to DuBois, any of Frazier's claims against it arose from the washes at Mike's, and since the washes occurred before the systems were delivered sometime in February 2015, the incidents giving rise to Frazier's IPLA claims must have occurred by the end of that month. [[Filing No. 73 at 2-3](#)]. Therefore, according to Dubois, Frazier's IPLA claims must have accrued, and the statute of limitations must have started to run, no later than February 28, 2015. [[Filing No. 73 at 3](#).]

Frazier makes two key arguments as to why its claims against DuBois are not time-barred. First, Frazier states that DuBois is incorrect in concluding that the accrual date for the IPLA claims could be no later than February 28, 2015. [[Filing No. 79 at 5](#).] Although Frazier did claim that the deliveries occurred in February 2015, it argues that nothing in its Second Amended Complaint establishes the specific date that the racking systems were serviced at Mike's, the date the damages occurred, or the date that Frazier should have discovered the damages and the corresponding causation. [[Filing No. 44 at 1](#); [Filing No. 79 at 5](#).] Second, Frazier points to the discovery rule as the governing principle for establishing the accrual date. [[Filing No. 79 at 3-5](#).] Frazier argues that Indiana courts, employing this rule, do not start the clock on the statute of limitations until the

plaintiff knew or should have known of the damage, and that it was caused by another. [Filing No. 79 at 3-5.] As Frazier alleges, it was not made aware that DuBois was the manufacturer of the solution until 2017, so it could not have known that DuBois was involved in the causation of the damages until this time. [Filing No. 79 at 4-6.] Further, Frazier claims that the Second Amended Complaint does not establish that Frazier discovered or should have discovered DuBois's liability prior to August 30, 2015, two years before the Second Amended Complaint was filed. [Filing No. 79 at 4-6.]

In its reply, DuBois argues that Frazier was aware of its injuries before August 30, 2015. [Filing No. 81 at 2.] DuBois states that the statute of limitations does not require the plaintiff to uncover the full extent of the injury, rather only the awareness of "'some ascertainable damage' need occur for a claim to accrue." [Filing No. 81 at 1-2 (quoting *Schott v. Huntington Nat. Bank. Bank*, 914 F. Supp.2d 933, 939 (S.D. Ind. 2012)).] DuBois claims that Frazier's knowledge of its injury, which must have occurred prior to August 30, 2015, was adequate enough for the claim to accrue. [Filing No. 81 at 2.] Therefore, according to DuBois, "it is of no consequence that [Frazier] had not developed a full blown theory of recovery specifically against [DuBois] at that time…." [Filing No. 81 at 2.]

The Court notes at the outset that generally, at the motion to dismiss stage, consideration of a statute-of-limitations affirmative defense is inappropriate. Because a plaintiff need not anticipate or allege facts that would defeat affirmative defenses, a court typically cannot dismiss a complaint for failure to satisfy a statute of limitations until summary judgment. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Com'n,* 377 F.3d 682, 688 (7th Cir. 2004). However, a court may properly rule on an affirmative defense where the complaint "pleads too much and admits definitively that the applicable limitations period has expired." *Id.* In other words, where "the

5

relevant dates are set forth unambiguously in the complaint," a court may consider a statute of limitations argument on a motion to dismiss. *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009).

The parties agree that the IPLA requires a plaintiff to bring a cause of action for product liability based on negligence or strict liability within two years after the cause of action accrues. I.C. §34-20-3-1. A cause of action "accrues" when the plaintiff "knew or should have discovered that [it] suffered an injury or impingement, and that [the injury] was caused by the product or act of another." *Nelson v. Sandoz Pharms. Corp.*, 288 F.3d 954, 966 (7th Cir. 2002).

Frazier alleges that it made multiple shipments of steel racking components to an Indiana customer during February 2015. [Filing No. 44 at 1.] Before delivering each of these orders to the customer, Frazier alleges that several of the trucks that were transporting the steel racking systems were washed at Mike's. [Filing No. 44 at 1.] After the washes were complete, Frazier alleges that it discovered that some, if not all, of the steel racking systems had been damaged. [Filing No. 44 at 2.]

Frazier filed its initial Complaint on February 8, 2017, and an Amended Complaint on February 17, 2017, alleging various claims against Mike's. [Filing No. 1; Filing No. 12.] Mike's then filed an Answer to the Amended Complaint on April 24, 2017, in which it identified DuBois as a nonparty that was at least partially at fault for the damages caused to the steel racking systems because a solution manufactured by DuBois was claimed to have been used during the services performed by Mike's. [Filing No. 20 at 5.] Mike's served its initial disclosures on May 11, 2017, providing more information about DuBois and its contribution to Frazier's damages. [Filing No. 25; Filing No. 79 at 2.] On August 15, 2017, Frazier sought leave to file the Second Amended Complaint after the disclosure that DuBois was the manufacturer of the solution utilized by Mike's. [Filing No. 41; Filing No. 44; Filing No. 79 at 2.] Frazier's Second Amended Complaint was filed

6

on August 30, 2017, adding DuBois as a defendant and raising the IPLA claims, among others, against DuBois. [Filing No. 44.]

The key issue to consider is when Frazier's IPLA claims against DuBois accrued. While "the law does not require a smoking gun in order for the statute of limitations to commence," the facts presented in the Second Amended Complaint are insufficient to indicate a precise accrual date for when Frazier should have discovered the injury or DuBois's connection to it. *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006). Indiana courts apply the discovery rule to determine the date of accrual:

> [R]ecognizing ambiguity in the meaning of "accrues," Indiana courts have provided substance to this word through application of the discovery rule. Under Indiana law, the statute of limitations "begins to run from the date that the plaintiff knew or should have discovered that she suffered an injury or impingement, and that it was caused by the product or act of another."

*Nelson*, 288 F.3d at 966 (quoting *Degussa Co. v. Mullens*, 744 N.E.2d 407, 410 (Ind. 2001)). Even if the incident causing the damage occurred by February 28, 2015, as DuBois alleges, the standard for accrual is not when the incident occurred, but when Frazier "knew or should have discovered" the damage to the steel racking systems. *Nelson*, 388 F.2d at 966. Additionally, "mere suspicion or speculation that another's product caused the injuries is insufficient to trigger the statute." *Degussa Co.*, 744 N.E.2d at 411. This rule may not require that the full extent of the damage be known, as DuBois argues; however, the Court cannot determine, based on the allegations in the Second Amended Complaint, the precise date that Frazier should have discovered the injury and its causation.

If the Court accepts the facts as true in Frazier's Second Amended Complaint and draws all inferences in favor of Frazier, then there is inadequate information to conclude that Frazier knew or should have known of its claims against DuBois prior to August 30, 2015. *See Nelson*,

7

288 F.3d at 966; *Active Disposal, Inc.*, 635 F.3d at 886. Although Dubois asserts that Frazier knew of the injuries before August 30, 2015, Dubois does not point to any part of Frazier's Second Amended Complaint that states or implies this. [Filing No. 81 at 2.] Rather, the Second Amended Complaint's allegations do not provide information regarding the timing of Frazier's knowledge of the damages or DuBois's potential liability prior to August 30, 2015. Simply put, Frazier has not pled itself "out of court by alleging facts sufficient to establish the complaint's tardiness," so dismissal is not appropriate at this stage of the litigation. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). DuBois's Motion to Dismiss, [Filing No. 72], is denied.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** DuBois's Motion to Dismiss, [72].

Date: 2/20/2018

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**